JOSEPH MACALUSO, an Infant, by SAM MACALUSO, His Guardian ad Litem, Respondent, v. BRONX NATATORIUM AND BEACH CORPORATION, Appellant.

First Department, November 3, 1933.

*Thomas E. Nolan* of counsel [*William E. Lowther*, attorney], for the appellant.

*Harry E. Kreindler*, for the respondent.

O'MALLEY, J. Has a defendant who has served a demand for a jury trial with a notice of trial, which notice was ineffectual by reason of untimeliness, waived its right to a trial by jury, the plaintiff not having served a like demand with his notice of trial; or has such right been preserved by the defendant, its notice of trial and accompanying jury demand having been served within twenty days after service of plaintiff's notice?

On January 16, 1933, the plaintiff served by mail a notice of trial for the February, 1933, Trial Term, Supreme Court, New York county, which term began February 6, 1933. The plaintiff's

notice of trial was not accompanied by a written demand for a trial by jury. Thereafter, and on January 25, 1933, the defendant served by mail a notice of trial for the same term. This notice of trial was accompanied by a demand for trial by a jury.

Concededly, the defendant's notice of trial was ineffectual. It was served only twelve days before the commencement of the term. We are of opinion, however, that while the defendant's notice of trial was abortive, its demand for a jury trial preserved its right thereto.

Subdivision 5 of section 426 of the Civil Practice Act (since amd. by Laws of 1933, chap. 629) provided that a party other than a plaintiff "may, within twenty days after the service of notice of trial upon him, *or* with his own notice of trial, serve upon the attorneys for all other parties to the action a notice demanding a jury trial and file a copy of such latter notice with the county clerk within ten days after service thereof." If either is done, such party is entitled to have the case placed on the jury calendar.

The defendant's demand for a jury trial was served within twenty days after service of plaintiff's notice of trial and was within ten days thereafter properly filed. Had no notice of trial been served by the defendant, its right to the jury trial unquestionably would have been preserved. The mere fact that in endeavoring to serve a notice of trial it did not proceed promptly did not affect its rights. The notice of trial was ineffectual; but the statute requirements with respect to defendant's demand for a jury trial had been complied with. Defendant's notice of trial was either good or bad. If good, the demand was likewise good. If bad, the demand still fulfilled the requirements of the statute.

It follows, therefore, that the order appealed from striking the action from the jury calendar should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, and the case restored to the jury calendar.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.